Case 1:21-cr-00429-GLR   Document 33   Filed 08/16/22   Page 1 of 4



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Laura M. Ruppersberger*  
*Special Assistant United States Attorney*  
*Laura.Ruppersberger@usdoj.gov*

*36 S. Charles Street*  
*Suite 400*  
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4818*  
*MAIN: 410-209-4800*  
*FAX: 410-962-3124*

August 16, 2022

The Honorable George L. Russell
United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:    Sentencing in *United States v. Dewayne Joyner*
              <u>Criminal No. GLR-21-0429</u>

Dear Judge Russell:

      The Defendant, Dewayne Joyner, is scheduled for sentencing on August 30, 2022. As explained below, a sentence of **24 months' imprisonment** in the custody of the Bureau of Prisons is sufficient, but not greater than necessary, to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

      **I.**    **Factual Background**

      The Government incorporates the facts in the Presentence Investigation Report ("PSR") and the statement of facts filed in support of the Defendant's plea agreement. ECF Nos. 29, 26.

      On September 16, 2021, Baltimore Police Department ("BPD") detectives were conducting surveillance of the 400 block of South Smallwood Street when they observed the Defendant exit the rear passenger seat of a silver Nissan Rogue, bearing Maryland registration 8DK9893.

      At approximately 6:49 p.m., the Defendant returned to the passenger side of the vehicle. The Defendant reached inside the vehicle and pulled out a black satchel, stringing it over his shoulder. At approximately 6:50 p.m., while still standing by the rear passenger door, the Defendant removed the black satchel and placed it in the back seat of the vehicle. The Defendant was then observed adjusting his front waistband area and exhibiting movements consistent with shoving an object into his waistband. The Defendant walked from the vehicle. The Defendant was then observed conducting a security check on the object in his front waistband.

      Believing the Defendant was armed, BPD detectives responded to the 400 block of South Smallwood Street. When the Defendant noticed police presence, he bladed his body away from the detectives. Detective Dahl exited the vehicle and noticed the Defendant's left hand on his waistband. Detective Healey yelled to the Defendant, "Don't reach for it," at which time the Defendant put both hands in the air.

Detective Dahl conducted a weapons pat-down and felt what he immediately knew to be a firearm in the Defendant's front waistband. The Defendant was searched incident to arrest and Detective Dahl recovered a Sig Sauer P320 .45 caliber semi-automatic pistol, bearing serial number 58K054493 and loaded with eight rounds of .45 caliber ammunition, from the Defendant's waistband.

## II. Sentencing Guidelines and Criminal History Calculation

The Government agrees with the Guidelines calculations set forth in the PSR. Thus, the Defendant's criminal history is a category V. PSR ¶ 39. The offense level calculation is as follows:

- The base offense level is 14 pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(6). PSR ¶ 16.
- The offense level is decreased by 2 because of the Defendant's acceptance of responsibility. U.S.S.G. § 3E1.1(a).
- Total Adjusted Offense Level is 12. PSR ¶ 24.

Accordingly, with a total adjusted offense level of 12 and a criminal history category of V, the advisory sentencing guidelines range is 27 to 33 months. PSR ¶ 82.

Though the Government agrees with the calculations set forth in the PSR, the Government, at the time the plea was entered, believed the Defendant's criminal history category to be a category IV. Therefore, the Government previously determined the advisory sentencing guidelines range to be 21 to 27 months. The parties intended a guidelines plea, and the agreed-upon sentence of 24 months fell within that mistakenly calculated sentencing guidelines range. Because the Government believed, at the time the plea was entered, that a sentence of 24 months was appropriate considering the factors set forth in 18 U.S.C. § 3553(a), it is the Government's position that a sentence slightly below the advisory sentencing guidelines range set forth in the PSR is appropriate.

## III.    Analysis of the Factors Set Forth in 18 U.S.C. § 3553(a)

The factors set forth in 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the Defendant; (6) the need to provide the Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentencing disparity among defendants involved in similar conduct who have similar records. 18 U.S.C. § 3553(a).

As explained below, the recommended sentence of **24 months** would be sufficient, but not greater than necessary, to accomplish the goals of the Sentencing Reform Act.

### a. Nature, Circumstances, and Seriousness of the Offense

A sentence of 24 months is necessary in this case to reflect the seriousness of the offense. The Defendant possessed a loaded firearm. The Defendant is prohibited from possessing any firearms and his possession alone endangered the safety of himself and the public, as the gun-related acts of violence in Baltimore City continue to soar. The seriousness of this offense cannot be minimized. Accordingly, the Defendant's criminal conduct requires a significant period of incarceration that reflects the seriousness of the offense, and a 24-month sentence accomplishes that objective.

### b. History and Characteristics of the Offender

At the age of 40, the Defendant has both a violent and lengthy criminal history. This conviction marks the Defendant's fourth firearm conviction. The instant case demonstrates that the Defendant is still engaging in the same behavior for which he has previously been arrested and convicted.

Most notable, however, are the Defendant's convictions for Attempted First Degree Murder in February 1999 and Second Degree Assault in December 2014.

While his history and characteristics clearly warrant a significant prison sentence, the Government has also taken into account the Defendant's decision to plead guilty and the age of his most serious conviction when determining that 24 months is the appropriate sentence in this case. Further, the Government believes the Defendant's desire to return to a profession in the culinary arts demonstrates his desire to leave criminal activity in the past.

### c. Adequate Deterrence and Protection for the Public

Finally, the need for deterrence is obvious. Though the Defendant has served significant sentences in the past, it is clear that he has not been deterred from engaging in the same or similar conduct. As noted above, this marks the Defendant's fourth firearm conviction. Though the Defendant has served significant sentences in the past, the 24-month sentence marks the Defendant's longest period of incarceration since being sentenced to five years in September 2004. The Government hopes that the 24-month sentence, of which the Defendant will serve a significant portion, will serve to both deter the public and deter the Defendant from engaging in firearm-related offenses upon his release.

### IV. Conclusion

Based on the foregoing, the United States respectfully submits that a sentence of **24 months' imprisonment** is fair, reasonable, and not greater than necessary.

Respectfully Submitted,

Erek L. Barron
United States Attorney

                                                                                                              Laura M. Ruppersberger
                                                                                                              Special Assistant United States Attorney

Cc via e-mail David Walsh-Little, Esq.